# United States District Court

*FILED*

NORTHERN_____ DISTRICT OF _____ CALIFORNIA

*NOV 9 2007*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

UNITED STATES OF AMERICA
V.

Venue: SAN FRANCISCO

**Hakeem A. PERRY**,

☐ **ORIGINAL**

(Name and Address of Defendant)

# CRIMINAL COMPLAINT

CASE NUMBER: 3-07-70673 OZ

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about <u>November 7, 2007</u> in <u>San Francisco County</u>, in the <u>Northern District</u> of <u>California</u>, defendant did assault another person resulting in serious bodily injury, in violation of Title <u>18</u> United States Code § Section <u>113(a)(6)</u>.

I further state that I am a <u>United States Park Police Detective</u> and that this complaint is based on the following facts:

**See attached Affidavit in Support of Criminal Complaint**

Maximum Penalties:
18 U.S.C. § 113(a)(6): 10 years imprisonment, $250,000 fine, 3 years supervised release, $100 special assessment.

APPROVED AS TO FORM: _____
Wendy Thomas, AUSA

Continued on the attached sheet and made a part hereof: ☒ Yes  ☐ No

Warrant of Arrest Requested:  ☐Yes ☒ No
    Bail Amount: <u>N/A</u>

_____
Signature of Complainant, Robert Reidy

Sworn to before me and subscribed in my presence,

<u>November 9, 2007</u> _____ at _____ <u>San Francisco, California</u> _____
Date                                                    City and State

**United States Magistrate Judge**_____

Bernard Zimmerman
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

UNITED STATES DISTRICT COURT        )
                                         ) ss. AFFIDAVIT

NORTHERN DISTRICT OF CALIFORNIA    )

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT CHARGING HAKEEM A. PERRY, WITH VIOLATING 18 U.S.C. § 113(a)(6), ASSAULT RESULTING IN SERIOUS BODILY INURY

I, Robert Reidy, do swear and affirm as follows,

**Purpose**

       1.  This affidavit establishes probable cause to arrest Hakeem A. PERRY, for violating 18 U.S.C. § 113(a)(6), Assault Resulting in Serious Bodily Injury, when he attacked Ely Advincula, a San Francisco Muni Bus driver, and beat him repeatedly and struck him against a concrete wall, resulting in a broken facial bone, lacerations, bruising, and extreme physical pain to Ely Advincula. This affidavit is based in part on personal knowledge, interviews, and reviews of official documents and records, and does not contain every fact, piece of information or evidence concerning this alleged violation.

**Affiant Background**

       2.  I am a Detective with the United States Park Police ("USPP"), Presidio Trust, Golden Gate National Recreation Area, which is an area within the Special Maritime and Territorial Jurisdiction of the United States. I have been employed with USPP since 1990. I have been assigned to the Criminal Investigations Branch since December of 2000. I have received over one hundred twenty hours of specialized training in investigations and interview techniques from the California Peace Officers Standards and Training at the Robert Presley Institute of Criminal Investigation and I serve as the Victim-Witness program coordinator for USPP. My duties include the investigation and prosecution of violations of the Code of Federal Regulations and United States Code.

**Relevant Statute**

       3.  Title 18 U.S.C. § 113(a)(6), Assault Resulting in Serious Bodily Injury, states, in relevant part: "Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an ….assault resulting in serious bodily injury" — is guilty of a felony.

       4.  Title 18 U.S.C. § 1365, which is referenced in 18 U.S.C. § 113(b)(2), states, in relevant part: "Serious bodily injury means bodily injury which involves (a) a substantial risk of death; (b) extreme physical pain; (c) protracted and obvious

disfigurement; or (d) protracted loss or impairment of the function of a bodily member, organ, or mental faculty."

**Case Facts and Evidence**

5.    On November 7, 2007, at approximately 9:56 p.m., USPP Officer Jason Collins ("Officer Collins") was dispatched to the area of Bowley Street at Lincoln Boulevard in the Presidio, which is an area within the special maritime and territorial jurisdiction of the United States in the Northern District of California, for a reported assault on a uniformed San Francisco Muni Bus driver. Officer Collins arrived and approached the San Francisco Muni Bus, where the driver, Ely Advincula ("Advincula" or "the victim"), was found.

6.    As Officer Collins started speaking to Advincula, an individual, subsequently identified as Hakeem A. PERRY ("PERRY" or "the defendant"), stepped out of the bushes from behind him. Officer Collins observed blood on PERRY's left cheek and left hand. Officer Collins asked PERRY if he had been in a fight with Advincula and PERRY stated that he had, after Advincula had pushed him. PERRY stated that he had been hearing voices and had asked Advincula to drive him to a hospital or police station. PERRY stated that Advincula had refused and pushed him away. PERRY stated that was when he struck the driver with his fist.

7.    Presidio Fire Medic 51 arrived on the scene and transported Advincula to San Francisco General Hospital in critical condition, for treatment of his injuries. Advincula was unable to provide a statement at that time.

8.    PERRY was arrested for assault and transported to the USPP Station. A CLETS computer check identified PERRY through his California Identification Card and his criminal history which includes the following convictions: a 2006 felony assault conviction in Whatcom County, Washington; a 2005 misdemeanor fighting conviction in Oakland, California, and arrests for domestic violence, battery, theft, and failure to pay fare on public transit.

9.    Detective Robert O'Connor ("Detective O'Connor") responded to USPP station and interviewed PERRY. Detective O'Connor read PERRY his Miranda Rights, which he stated he understood and freely waived. PERRY stated the following: (a) that he got on the Muni # 29 at approximately 9:30 p.m. on Paris Street; (b) that he did not have any previous conversation with the driver, Advincula, until they got to Baker Beach; (c) that PERRY asked Advincula to call the police for him in order to get an ambulance; (d) that PERRY suffers from schizophrenia and was hearing voices, despite the fact that he is currently taking a medication called Zyprexa; (e) that PERRY could only remember the beginning and the end of the fight; (f) that Advincula pushed him and eventually bit his hand; and (g) that he did not remember hitting Advincula. PERRY was issued two citations for assault, and transported to San Francisco General Hospital Psychiatric Ward for an evaluation pursuant to California Welfare and Institutions Code § 5150.

10.    On November 8, 2007, at approximately 1:50 p.m., your affiant responded to San Francisco General Hospital Intensive Care Unit 4, to check on Advincula. Doctor Mitch Cohen, the attending physician, stated that Advincula had suffered a broken facial bone on the front of his skull in the cheek area, and that Advincula earlier had been unconscious and required intubation, but had since that time regained consciousness. Your affiant observed bruises and lacerations on Advincula's face.

11.    Your affiant interviewed Advincula, who was able to recall the assault. Advincula stated the following: (a) that PERRY had been sitting in the back of the bus until the end of the line and stated he wanted to go further; (b) that Advincula suggested that PERRY transfer to another bus, as Advincula was due to remain stationary for fifteen minutes; (c) that PERRY then insisted that Advincula call the police to get him an ambulance; (d) that Advincula asked PERRY why he needed the ambulance, and PERRY did not answer; (e) that Advincula asked PERRY again why he needed an ambulance because he wanted to help if there was a problem; (f) that PERRY then came to the front of the bus and confronted Advincula; (g) that Advincula then stood up, and PERRY grabbed him and started beating him; (h) that PERRY dragged Advincula off the bus and continued beating him, also hitting him against a concrete wall; (i) that Advincula was afraid he was going to die, and believes at some point he passed out; (j) that at some point Advincula was able to crawl back into the bus and push the panic button in the bus to radio for help; (k) that PERRY attacked him again, and Advincula bit PERRY's hand to get him to stop; (l) that Advincula was experiencing terrible pain all over his body.

**Conclusion**

12.    I respectfully submit that the above presented facts establish probable cause to believe that Hakeem A. PERRY, did assault another person resulting in serious bodily injury, in violation of Title 18, United States Code, Section 113(a)(6), Assault Resulting in Serious Bodily Injury, while within the special maritime and territorial jurisdiction of the United States in the Northern District of California.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Robert Reidy
U.S. Park Police
National Park Service

SUBSCRIBED AND SWORN BEFORE ME
ON November 9, 2007

The Honorable Bernard Zimmerman
US Magistrate Judge
Northern District of California

3